IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURT THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE | : | NO. 09-0518 |

**MEMORANDUM**

**Padova, J.**                                                                                                   **July 20, 2009**

Defendant Michael J. Astrue has filed a "Motion to Dismiss Plaintiff's Complaint Under the Social Security Act and to Deny Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act." For the following reasons, we grant the Motion in its entirety.

In 2001, Plaintiff Curt Thomas filed an application with the Social Security Administration ("SSA"), seeking both Supplemental Security Income ("SSI") and Title II Widower's Insurance Benefits ("Widower Benefits"). When benefits were denied, Plaintiff appealed through the administrative process. Eventually, on March 14, 2007, an Administrative Law Judge ("ALJ") issued a final decision finding that Plaintiff had been continuously disabled since December 27, 2000, and was therefore medically eligible to receive both SSI and Widower Benefits. The ALJ directed the SSA to determine whether there were any other Social Security regulations that prohibited or limited the payment of benefits.

Plaintiff alleges in his Complaint that the SSA subsequently (1) denied him benefits for periods in which it believed him to be incarcerated; (2) paid him only a small portion of the Widower Benefits that he was owed; (3) withheld attorney's fees and medical premiums from his benefits; and (4) failed to pay him a Lump Sum Death Benefit to which he was entitled. Plaintiff asks us to review these subsequent decisions and grant him benefits that he was erroneously denied. He also asks that we award him attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendant

argues, among other things, that we lack jurisdiction over Plaintiff's claims because the SSA decisions that Plaintiff challenges are not final decisions subject to judicial review. We agree and therefore dismiss Plaintiff's claims for lack of jurisdiction. In addition, we deny Plaintiff's request for attorney's fees for the reasons set forth below.

Where, as here, a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists." Stevens v. Astrue, Civ. A. No. 08-18, 2008 WL 4748178, at *4 (W.D. Pa. Oct. 24, 2008) (citing Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). This is "[b]ecause the issue in a factual 12(b)(1) motion is the trial court's . . . very power to hear the case . . . ." Id. (citing Mortenson, 549 F. 2d at 891). Plaintiff nevertheless bears the burden of showing that jurisdiction exists. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

The "exclusive jurisdictional basis" for judicial review of claims arising under the Social Security Act is set forth in 42 U.S.C. § 405(g), which provides that an individual may obtain review of "'a final decision of the Commissioner of Social Security made after a hearing to which he was a party.'" Stevens, 2008 WL 4748178, at *4 (quoting 42 U.S.C. § 405(g)). Under Social Security regulations, "a 'final decision' is one rendered after a claimant has completed a four-step administrative review process." Id. at *6; Callender v. Soc. Sec. Admin., 275 Fed. App'x 174, 175 (3d Cir. 2008). In that review process, any claimant who is unhappy with an initial determination may ask for reconsideration. 20 C.F.R. § 416.1400(a)(1)-(2). If reconsideration is denied, he can request a hearing before an ALJ, after which he may request the SSA Appeals Council to review the

ALJ's determination.  Id. at § 416.1400(a)(3)-(4).  "When [the claimant has] completed the steps of the administrative review process . . . [the SSA] will have made [its] final decision."  Id. at § 416.1400(a)(5).  If the claimant is "dissatisfied with" that decision, he "may request judicial review by filing an action in a Federal district court."  Id.

In this case, the ALJ issued a final and appealable decision on March 14, 2007, which was fully favorable to Plaintiff on the issue of his medical eligibility for benefits.  Plaintiff's current Complaint does not concern that final decision, but instead concerns subsequent SSA determinations regarding his limited eligibility for benefits based on SSA regulations.[1]  Plaintiff does not allege, and various attachments to his Complaint do not disclose, that he appealed any of the now-challenged

---

[1] At least some of these determinations are memorialized in letters (or excerpts of letters) that Plaintiff attached to his Complaint.  An April 25, 2007 letter advised Plaintiff that he would receive Widower Benefits for the period beginning August 2001 and ending March 2007.  (Ex. E to Compl.)  That same letter, however, also advised Plaintiff that the SSA was temporarily withholding the benefits pending a determination as to whether the Widower Benefits should be reduced due to Plaintiff's receipt of SSI benefits for the same time period.  (Id.)  The letter further indicated that SSA was withholding $2,349.12 to pay any attorney's fees that Plaintiff may have incurred in the process of claiming his benefits.  (Id.)  Finally, the letter advised Plaintiff that he could opt into medical insurance under Medicare, retroactive to August 2003, if he notified the SSA in writing that he wanted such benefits and either paid the sum of $3,408.40 or authorized the SSA to withhold that amount from his benefits check.  (Id.)
  On June 1, 2007, the SSA sent Plaintiff another letter, which stated that he was owed $12,438.80 in back SSI payments for February 2001 through November 2002, but that he was not entitled to continuing benefits because he was incarcerated after that time.  (Ex. A to Compl.)  In a June 30, 2007 letter, the SSA stated that it would pay Plaintiff just $119.50 in Widower Benefits, which was a $1,515.00 reduction in benefits, due to Plaintiff's receipt of duplicative SSI.  (Ex. G. to Compl.)  A letter a few days later reiterated that the SSA would release any past due benefits that the agency had withheld as soon as the SSI offset computation was processed.  (Ex. F to Compl.)
  Finally, an October 10, 2008 letter states that the monthly premium for Plaintiff's medical insurance would be $1354.00 beginning on July 2008 (Ex. H to Compl.), and a bill dated October 27, 2008, charges Plaintiff $578.60 for past-due premiums.  (Ex. I to Compl.)
  Given our lack of jurisdiction, we make no determination as to the propriety of any of these benefits reductions and/or withholdings.

determinations through the SSA's established administrative review process.[2]  Likewise, he does not allege either in the Complaint or in his response to Defendant's motion that there was ever "a final decision made after a hearing" on any of the issues he now asks us to address.[3]  In contrast, Defendant specifically and repeatedly asserts that "there is nothing in the Agency's records to indicate that Plaintiff filed a timely appeal, nor indicating that any such appeal (if any) was exhausted." (Def.'s Mem. at 5-7.)  Under these circumstances, we conclude that we do not have jurisdiction to review Plaintiff's claims.  In addition, we find that, to the extent that Plaintiff challenges the withholding of attorney's fees, we have no jurisdiction because the United States

---

[2] Plaintiff does state in his response to the Motion to Dismiss that, with respect to the withholding of payments for periods in which he was allegedly incarcerated: "I wrote to the Social Security Administration on a number of times, I spoke with them on the phone, this matter was appealed." (Resp. at 2.)  Similarly, with respect to the lump sum death benefit, he states: "This matter was appealed also, I was told at first that my wife was not fully insured, later I was told I was not eligible to receive the Lump Sum Death Benefit because I was not living at or in the house hold [sic] with my wife at the time . . . ." (Id. at 3.)  However, he fails to indicate that he filed a formal appeal through the designated channels, 20 C.F.R. § 416.1400(a), much less that he obtained a "final decision of the Commissioner of Social Security made after a hearing," which is a prerequisite to our exercise of jurisdiction.  See 42 U.S.C. § 405(g).

[3] While the letters that Plaintiff attaches to his Complaint are not complete, the excerpt of one letter clearly states:

> If you disagree with this decision, you have the right to appeal.  We will review your case and consider any new facts you have.  A person who did not make the first decision will decide your case.  We will correct any mistakes.  We will review those parts of the decision which you believe are wrong and will look at any new facts you have.  We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

(July 3, 2007 letter, attached as Ex. F. to Compl.)  It further states that the appeal must be requested in writing within 60 days, on a "Request for Reconsideration" form that can be obtained from the SSA office.  (Id.)  A version of the April 25, 2007 letter that Plaintiff appended to a pleading in a prior action that he filed with this Court contains this same language.  (See Ex. to Pl.'s Resp. to Def.'s Mot. to Dismiss (Docket No. 9), Thomas v. Astrue, Civ. A. No. 07-2258 (E.D. Pa.)).

Court of Appeals for the Third Circuit has explicitly stated that a fee determination "is not a final decision under § 405(g) which is subject to judicial review." Palmer v. Barnhart, 89 Fed. App'x 806, 809 (3d Cir. 2004).

Plaintiff also seeks attorney's fees under the Equal Access to Justice Act, stating that he is "surely . . . entitled to something" for representing himself against the Social Security Administration since the year 2000. (Compl. at 4); see also 28 U.S.C. § 2412(b) ("[A] court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States."). However, pro se litigants are not entitled to attorney's fees under the EAJA. See Asemani v. Ridge, Civ. A. No. 03-6833, 2004 WL 2244542, at *5 (E.D. Pa. Sept. 30, 2004) (citing Zucker v. Westinghouse, 374 F.3d 221, 228-29 (3d Cir. 2004)). Accordingly, we cannot grant Plaintiff the relief he seeks.

For the foregoing reasons, we dismiss Plaintiff's Complaint in its entirety and deny his request for attorney's fees. An appropriate Order accompanies this Memorandum.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.